UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| ACHAK BEN ANIYUNWIYA, | : | Case No. 2:22-cv-2325 |
| Plaintiff, | : | |
| vs. | : | Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| MATTHEW LUTZ, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, Achak Ben Aniyunwiya, has filed a civil rights complaint with this Court. (Doc. 1, 11).  He is proceeding *in forma pauperis* and without the assistance of counsel. (Doc. 4).

The Complaint concerns an apparent traffic stop and search, and Plaintiff's later arrest in his home. (Doc. 11, PageID 58-60).  It also includes a claim that Plaintiff was denied medical care while in the Muskingum County Jail. (Doc. 1, PageID 61).

The matter is currently before the Court to conduct the initial screen of the Complaint as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the Undersigned **RECOMMENDS** that this Court **DISMISS** the Complaint in its entirety.

**I.    Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his Complaint. 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint is frivolous when plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must be dismissed where it fails to state a claim upon which relief may be granted. To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]).  Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

In addition, "[t]he Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'"  *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original).  "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)).  Thus, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012).

**II.     Parties and Claims**

The Plaintiff here, Achak Ben Aniyunwiya, was a pretrial detainee when the Complaint was filed.  (Doc. 1, PageID 6).  He filed this action after a traffic stop and later arrest in Muskingum County, Ohio.  He names as defendants the following nine people:  Sheriff Matthew Lutz, Sheriff Deputy Brice Swiney, Judge Mark C. Fleegle, Captain Jeff LeCocq, Captain David Suciu, Prosecutor John Little, Prosecutor Ron Welch, Nurse Shelly, and Attorney Keith Edwards.

The Complaint contains factual allegations against only three of the named defendants:  Sheriff Lutz, Deputy Swiney, and Nurse Shelly.  Plaintiff alleges that in February 2022, Deputy Swiney pulled him over while traveling in his car.  (Doc. 11, PageID 58).  Plaintiff provided Deputy Swiney with his "National Association for the Advancement of Indigenous People identification card and my 'Right to Travel' packet which . . . contains Affidavits filed with the Secretary of State . . . by way of Secured Party/creditor and including my U.C.C. Financial Statement which included a Commercial Affidavit with a Schedule of Fees, Affidavit of Reservation of Rights and Affidavit of Sovereignty."  (*Id.*).  Deputy Swiney said he smelled marijuana and told Plaintiff that the registered owner of the car had a warrant.  (*Id.*).  Plaintiff then asked Deputy Swiney to call a superior officer.  (*Id.*).  Deputy Swiney called Sheriff Lutz, who arrived with some other officers.  (*Id.*).  Officers searched the car despite Plaintiff's objections, and found a pistol, a scale, and an herb grinder.  (*Id.*, PageID 59).  Officers kept these items but let Plaintiff leave the scene.  (*Id.*).

Two months later, unnamed "Sheriff deputies" came to Plaintiff's house and arrested him on a warrant.  (Doc. 11, PageID 59).  Plaintiff was charged in the Muskingum County Court of Common Pleas, Case No. CR2002-0090, with improper handling of a firearm in a vehicle,

4

having weapons while under a disability, obstructing official business, and possession of drug paraphernalia, and held in custody for a time in the Muskingum County Jail. (Doc. 11, PageID 59, 54 (listing case number)). *See also* online docket of *State v. Aniyunwiya*, available by name or case number search at https://clerkofcourts.muskingumcounty.org/eservices/home.page.10 (accessed Sep. 23, 2022).[1] Plaintiff was later found guilty of improper handling of a firearm in a motor vehicle and obstructing official business. Sentencing Entry, *State v. Aniyunwiya* (July 12, 2022). He is currently in the custody of the Ohio Department of Rehabilitation and Corrections. (*Id.*; Doc. 8).

Plaintiff alleges that: "The Sheriff knowingly and willingly violated Articles 1, 2, and 4 of the Bill of Rights, and my Commercial, Sovereign, and Reservation of Rights Affidavits." (Doc. 11, PageID 59). He also asserts that Nurse Shelly denied him medical care and deprived him of the "holistic medication" he takes for diabetes, high blood pressure and deterioration of bones. (Doc. 11, PageID 61).

Plaintiff seeks "Monetary Relief in accord with the Schedule of Fees attached to the Commercial Affidavit." (Doc. 11, PageID 61). He also asks this Court to dismiss the Muskingum County charges for lack of evidence and jurisdiction, to order the return of his property, and to stay an auction in an unrelated foreclosure action. (*Id.*).

**III. Discussion**

Plaintiff brings these claims under 42 U.S.C. § 1983. (Doc. 11, PageID 57). This statute allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a cause of action under Section 1983, a plaintiff must allege: "(1) a deprivation of a right

---

[1] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

5

secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). Upon review, the Undersigned concludes that Plaintiff has not stated a non-frivolous or plausible claim upon which relief may be granted.

  A. **<u>Claims Against Sheriff Matthew Lutz and Sheriff Deputy Brice Swiney</u>**

Plaintiff appears to allege that these Defendants should be held liable because they disregarded his status as a sovereign or commercial entity. (Doc. 11, PageID 58-90). He implies that he could not or should not have been stopped, arrested, or charged by these officers (or other, unnamed officers), because the documents he filed with the Secretary of State concerning his status as a sovereign or commercial entity insulate him from criminal prosecution. (*Id.*).

This legal theory—that a sovereign citizen is not subject to arrest or prosecution—has no merit. As this Court has noted:

> Little needs to be said about this legal theory because courts 'have repeatedly rejected...theories of individual sovereignty, immunity from prosecution, and their ilk.' *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990) (describing defendant's proposed 'sovereign citizen' defense as having 'no conceivable validity in American law'); *see also DuBose v. Kasich*, No. 2:11-CV-00071, 2013 WL 164506, at *3 (S.D. Ohio Jan. 15, 2013) (Sargus, D.J.) (and cases cited therein). Because [the] Complaint raises 'indisputably meritless' legal theories concerning, it lacks an arguable basis in law and is therefore frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

*Matthews v. United States*, No. 3:16-cv-148, 2016 WL 2624974, at *4 (S.D. Ohio May 9, 2016), *report and recommendation adopted*, 2016 WL 3002429 (S.D. Ohio May 23, 2016). Any claim against Sheriff Lutz, Deputy Swiney, or any other Defendants on basis of Plaintiff's alleged sovereignty is frivolous and should be dismissed.

Plaintiff does not otherwise articulate a violation of his federal or constitutional rights by Sheriff Lutz or Deputy Swiney outside his assertion of sovereignty. Although he cites to the

6

First, Second, and Fourth Amendments in his Complaint (Doc. 11, PageID 59), he does not explain how his rights were violated by these Defendants.² Simply naming the Amendments is insufficient to state a claim where no facts demonstrating a violation are pled. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient).

Because the Complaint relies on a frivolous legal theory and otherwise fails to articulate a deprivation of a federal or constitutional right by Sheriff Lutz or Deputy Swiney, all the claims against them should be dismissed.

**B.    Claim Against Nurse Shelly**

Plaintiff asserts that Nurse Shelly "denied Plaintiff medical" while he was in custody at the Muskingum County Jail. (Doc. 11, PageID 56 (including this notation next to Nurse Shelly's name on the list of Defendants)). The claim says, in its entirety:

> I have been deprived [of] medical for symptoms of diabetes, high blood pressure and deterioration of bones. I use holistic medication for these conditions that I am denied, I check my blood pressure and sugar levels 3 times a day and I had it checked once since arriving to jail. I am experiencing symptoms of all.

(Doc. 11, PageID 61).

A pretrial detainee has "a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment." *Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 605 (6th Cir. 2022) (citing *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 566 (6th Cir. 2020)). A plaintiff must prove that "that the alleged deprivation of medical care was serious enough to violate the [Constitution]." *Id.*, (citing *Griffith*, 975 F.3d at 567). He must also "prove that the defendant acted 'deliberately (not

---

² *See generally Payton v. New York*, 445 U.S. 573, 603 (1980) ("for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.").

7

accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.*, at 606 (citing *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 597 (6th Cir. 2021)).

The Sixth Circuit also "distinguish[es] between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake*, 537 F.2d at 860).

The three-sentence claim against Nurse Shelly does not satisfy these standards. It does not provide sufficient factual information to allow this Court to find that Plaintiff's medical needs are objectively, sufficiently serious, or that Nurse Shelly acted deliberately and recklessly. *Greene*, 22 F.4th at 605-606. All that Plaintiff alleges is that he has not received his usual "holistic" medication, that Nurse Shelly had tested his sugar levels and blood pressure once since he was at the jail, rather than 3 times a day as Plaintiff usually did, and that he is having symptoms of some kind. (Doc. 11, PageID 61). There is no information about how serious Plaintiff's medical conditions were, what the symptoms of those conditions are, whether they were diagnosed by him or a doctor, or whether treatment other than or including his holistic medication was needed. There is likewise no allegation that Plaintiff suffered any injury from Nurse Shelly's alleged withholding of holistic medication or failure to check Plaintiff's sugar and blood pressure levels more often.

There is simply not enough information in the Complaint to state a plausible claim against Nurse Shelly on this basis. *See Twombly*, 550 U.S. at 570 (a complaint must include

8

"enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal). The claim should be dismissed.

      **C.**      **Claims Against the Remaining Defendants**

The Complaint does not contain any factual allegation specifically directed to the remaining defendants. In other words, Plaintiff does not allege that Judge Mark C. Fleegle, Captain Jeff LeCocq, Captain David Suciu, Prosecutor John Little, Prosecutor Ron Welch, or Attorney Keith Edwards took any actions that violated his federal or constitutional rights. As discussed above, a plaintiff must say what *each* named defendant did that violated the law. *Reid*, 2020 WL 5902597, at *6. If a plaintiff fails to do so, he fails to state a claim against that defendant. *Catanzaro*, 848 F. Supp. 2d at 791 ("[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints."). Here, Plaintiff has failed to state a claim against these six defendants upon which relief may be granted, and any claims against them should be dismissed.

Some of these claims must be dismissed for additional reasons, as discussed next.

      *1.*  *Claims Against Judge Fleegle*

To the extent Plaintiff would bring a claim against Judge Fleegle, the judge who presided over his criminal case, that claim is barred by judicial immunity. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco,* 502 U.S. 9 (1991); *Foster v. Walsh,* 864 F.2d 416 (6th Cir. 1988)). Judicial immunity shields judges and certain other public officers "from undue interference with their duties and from potentially

9

disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11.

As noted, no allegations are specifically made against Judge Fleegle in the Complaint. His only involvement in the situation described in the Complaint appears to be as the judge presiding over Plaintiff's criminal case, or perhaps as the judge who issued the arrest warrant(s). Assuming these actions are the basis of Plaintiff's claim against him, the actions were taken in Judge Fleegle's judicial capacity and are therefore protected. To the extent that the Complaint suggests that Judge Fleegle entirely lacked jurisdiction over Plaintiff because of Plaintiff's alleged sovereignty, this legal theory should be rejected as discussed above. *See Matthews,* 2016 WL 2624974, at *4. The claims against Judge Fleegle should be dismissed for this additional reason.

### 2. *Claims against Prosecutors John Little and Ron Welch*

The Complaint does not contain any specific factual allegations against the two named prosecutors. Prosecutors are "absolutely immune from liability" for actions they take that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotation marks omitted). There are some narrow exceptions to this immunity, *see id.* at 343, but nothing in the Complaint implicates them. "The analytical key to prosecutorial immunity is whether the actions in question are those of an advocate." *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 514 (6th Cir. 2019) (cleaned up). In other words, if "the conduct was 'undertaken in connection with [his or her] duties in functioning as a prosecutor,'" a prosecutor is immune. *Id*. at 513 (quoting *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)).

Here, the Prosecutors appear to be sued because they were involved in Plaintiff's criminal case. Their actions with respect to that case, such as advocating for a particular outcome, would have been undertaken in connection with their duties as prosecutors. Nothing to the contrary is spelled out in the Complaint. Thus, the Prosecutors are absolutely immune from suit and any claims against them should be dismissed for this additional reason.

### 3. Claims Against Attorney Keith Edwards

No particular facts are alleged in the Complaint with respect to Edwards, although the notation "conflict of interest" appears next to his name on the list of defendants. (Doc. 11, PageID 56). It appears that Edwards was appointed counsel for Plaintiff in the Muskingum County case.

Edwards is a not a "state actor" against whom a § 1983 claim can proceed. As discussed above, to state a claim under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by *a person acting under color of state law*." *Flanory v. Bonn,* 604 F.3d 249, 253 (6th Cir. 2010) (emphasis added). "It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983"; that is, they are not "a person acting under color of state law." *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312, 321 (1981)); *see also Whisnant v. Stokes*, No. 1:08-cv-229, 2008 WL 4763853, at *5 (E.D. Tenn. Oct. 28, 2008) (and the cases cited therein) ("courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law.").

Because Edwards is not a person acting under color of state law, any § 1983 claim against him should be dismissed for this additional reason.

11

**IV. Conclusion**

The undersigned Magistrate Judge, having conducted the initial screening of Plaintiff's Complaint as required by law, **THEREFORE RECOMMENDS THAT**:

1. The Court **DISMISS** Plaintiff's Complaint (Doc. 1, 11) in its entirety pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as frivolous and/or for failure to state a claim upon which relief may be granted.

2. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**V. Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

September 28, 2022                                                *s/Peter B. Silvain, Jr.*
                                                                                         PETER B. SILVAIN, JR.
                                                                                         UNITED STATES MAGISTRATE JUDGE